#### IN THE UNITED STATES DISTRICT COURT
#### DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**vs.**                                                                                        Case No. 92-20035-01-JWL

**Michael A. Williams,**

      **Defendant.**

#### MEMORANDUM AND ORDER

I. Background

On July 6, 1992, defendant Michael A. Williams pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Defendant was sentenced to 240 months imprisonment, five years supervised release, and restitution of $13,000 to the victim of the robbery, Kansas City Fiberglass Credit Union. Defendant appealed this court's imposition of restitution, and on June 8, 1993, the Tenth Circuit affirmed the court's order of restitution and consequently his entire sentence.

This matter is presently before the court on the defendant's Motion to Suspend Restitution Order (Doc. # 52). As will be explained, the court holds this matter in abeyance until defendant notifies the Attorney General of the changes in his economic circumstances, the court receives certification from the Attorney General that Kansas City Fiberglass Credit Union has been notified of the impending change of the restitution payment schedule as required by §3664(k), and defendant submits a signed declaration under the pains and penalties of perjury, or other evidence that his economic circumstances have been materially altered by his health condition.

II. Discussion

Defendant seeks not to challenge the initial calculation of restitution, but to modify the restitution payment schedule by suspending payments until his release from prison. Defendant asserts that the court has authority to modify the restitution order pursuant to 18 U.S.C. § 3664(k), because it was recently discovered that his kidneys were failing and he is currently undergoing dialysis treatment three times per week, each treatment lasting a period of four hours. Defendant claims his dialysis treatment has prevented him from working a full time job, and thus there has been a material change in his economic circumstances.[1]

The governing statute is 18 U.S.C. § 3664, entitled "Procedure for issuance and enforcement of order of restitution." This statute clearly contemplates judicial control of restitution payments and modification of restitution payment schedules. Section 3664(k) gives the court discretion to modify payment schedules as the interests of justice require. It states:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic status from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

---

[1] The government does not contest that Mr. Williams' economic circumstances have changed. Rather, the government only argues that the court does not have the authority to suspend or modify the restitution payment schedule. The government's argument is thus a legal one, not a factual argument. As a result, the court will not hold an evidentiary hearing at this time.

18 U.S.C. § 3664(k).

Pursuant to the foregoing, only the court has the authority to modify the restitution order upon a showing of a "material change in the defendant's economic circumstances." *Id*. Based on changed financial circumstances, a court may, for example, modify the requirement that restitution begin after the defendant's release from custody. *See United States v. Bowles*, No. 98-CR-1281(DLC), 2003 WL 21396691 (S.D.N.Y. June 16, 2003). In *Bowles*, the defendant requested that his order of restitution be modified to relieve him from making any payments while incarcerated because his deteriorating health conditions prevented him from engaging in gainful employment while imprisoned. *Id*. at *1. Citing § 3664(k), the government in *Bowles* correctly conceded that federal courts have discretion in modifying restitution payment schedules. *Id*. The court suspended restitution payments while the defendant was incarcerated due to the circumstances of his physical ailments impacting his economic circumstances. *Id*. at *2.

Here, while the government fails to cite or mention § 3664 in its response, it does cite to one case, *United States v. Bowen*, for the proposition that the authority to modify a payment schedule lies with the Bureau of Prisons' Inmate Financial Responsibility Program, and not the court. 225 Fed. Appx. 765, 2007 WL 1560162 (10th Cir. May 31, 2007). The government has misunderstood the holding of *United States v. Bowen*. In fact, *Bowen* has been cited in this District for the exact opposite proposition. *See United States v. Billings*, No. 99-10110-01-WEB, 2007 WL 1893928, (D. Kan. July 2, 2007). When analyzing the same issue as in this case, the court in *Billings* stated that "18 U.S.C. § 3664(k) provides that upon receipt of notice of a material change in the defendant's economic circumstances, the court may adjust a restitution payment schedule . . . 'as the

interests of justice require.'" *Billings*, 2007 WL 1893928, at *1 (citing *Bowen*, 2007 WL 1560162).

Further, in applying § 3664, the Tenth Circuit has repeatedly held that the courts, not the Bureau of Prisons, have sole authority to set and modify restitution payment schedules. *See United States v. Overholt*, 307 F.3d 1231, 1256 (10th Cir. 2002) ("[W]e see no room for delegation by the district court with respect to payment schedules for restitution."); *United States v. Barlow*, 143 Fed. Appx. 965, 2005 WL 1847347 (10th Cir. 2005) (the defendant argued and the government conceded that the district court committed plain error in delegating the scheduling of restitution to the Bureau of Prisons).

Pursuant to § 3664(k) a material change in the economic circumstances of a defendant subject to a restitution order may come to the court's attention from one of three sources: the defendant himself, the United States, or the victim.  Here, defendant has notified the court of the material changes in his economic circumstances.  It is, however, defendant's burden to convince the court by a preponderance of the evidence that his current economic circumstances warrant modification. 18 U.S.C. § 3664(e); s*ee also United States v. Hill*, No. 98-3709, 1999 WL 801543 (6th Cir. Sept. 28, 1999) (noting that defendant did not attach any proof regarding his financial status or current income to the motion in affirming denial of defendant's motion to modify restitution payments, because defendant did not meet the evidentiary burden); *United States v. Farris*, No. 1:02-CR-173-02, 2006 WL 2022526 (W.D. Mich. July 17, 2006) ("it is Defendant's burden to convince this Court by a preponderance of the evidence that his current economic condition warrants modification.") (citing § 3664(e)); *United States v.*

*Smith*, No. 100-CR-00083, 2007 WL 1225468 (W.D. Va. April, 25, 2007) ("defendant has the burden of proof of demonstrating his financial resources.") (citing § 3664(e)). Therefore, before the court can grant defendant's motion, defendant must submit evidence that his economic circumstances have been materially changed by his health condition.

Additionally, before adjusting the schedule for payment, the court must receive a certification from the Attorney General that those owed restitution have been informed of defendant's changed economic circumstances.  § 3664(k).  There is no evidence that defendant has notified the Attorney General of the changes in his economic circumstances as required by § 3664(k), nor has the court received a certification from the Attorney General stating that Kansas City Fiberglass Credit Union has been notified of the material changes in defendant's economic circumstances. Thus, before the court can grant defendant's motion, defendant must notify the Attorney General of the material changes of his economic circumstances, and the court must receive certification from the Attorney General that Kansas City Fiberglass Credit Union has also been notified. *See U.S. v. Jenkins*, No. 2:04-00100-01, 2007 WL 3026659, \*1 (S.D. W.Va., Oct. 16, 2007) ("Before the court may grant defendant's motion, however, the court must receive certification that the [victim] has been notified of the impending change in the restitution payment schedule, as required by Section Unit 3664(k)"); *United States v. Grant,* 235 F.3d 95, 100 (2d Cir. 2000) ("Before adjusting the schedule for payment, the court must receive a certification from the Attorney General that those owed restitution have been informed of the defendant's changed circumstances.").

IV: Conclusion

Before the court may grant defendant's motion, defendant must notify the Attorney General of the changes in his economic circumstances, the court must receive certification from the Attorney General that Kansas City Fiberglass Credit Union has been notified of the impending change of the restitution payment schedule as required by §3664(k), and defendant must submit a signed declaration under the pains and penalties of perjury, or other evidence that his economic circumstances have been materially altered by his health condition.  The government would then -have the opportunity to rebut his showing and the court would conduct an evidentiary hearing to resolve any disputed facts.

The court has discretion either to deny defendant's motion without prejudice in order for defendant to re-file his motion after he exhausts all statutory requirements, or to hold this matter in abeyance.  After balancing the competing interests of the judicial system and of the parties, the court finds that holding the motion in abeyance will not work any harm or injustice to either party.  Accordingly, the court holds this matter in abeyance pending receipt of notification from the Attorney General and a declaration or other form of evidence from defendant regarding his health condition and material change in his economic circumstances.

The court further requests that upon defendant's timely notification to the Attorney General of his material change in his economic circumstances, that the Attorney General certify a letter to the court that the victim, Kansas City Fiberglass Credit Union, has been notified of defendant's change in economic circumstances.

IT IS SO ORDERED.

Signed this 12th day of February 2008.

>s/ John W. Lungstrum
> JUDGE JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE